# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO R. LOPEZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No.: 18cv1365-MMA (WVG) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS;** <br><br> [Doc. No. 2] <br><br> **DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2)** |

On August 24, 2010, Armando R. Lopez, Jr. pleaded guilty to distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *See* Case No. 10cr1077-MMA, Doc. No. 28. The Court sentenced Lopez to a thirty-six month term of imprisonment and four years of supervised release. *Id.*, Doc. No. 44. Lopez commenced his initial term of supervised release on November 13, 2012. *Id.*, Doc. No. 52. Since that time, Lopez has violated the conditions of his supervised release on multiple occasions and served additional terms of imprisonment. *Id.*, Doc. Nos. 65, 88, 99. Lopez is currently incarcerated, and is awaiting a final hearing in this Court on charges that he once again violated the conditions of his supervised release. *Id.*, Doc. No. 100.

1

Prior to his arrest, Lopez, proceeding *pro se*, initiated this civil action against the United States, complaining generally about previous proceedings in his criminal case that resulted in the revocation of his supervised release and a six-month term of incarceration. Lopez did not prepay the $400 civil filing fee required to commence a civil action by 28 U.S.C. § 1914(a) at the time of filing; instead he moves to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to Section 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of a civil action without prepayment of fees if a person submits an affidavit, including a statement of all assets he possesses, which shows he is unable to pay the required filing fee. *See* 28 U.S.C. § 1915(a). The determination of indigence falls within the court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993); s*ee also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (noting that while a civil litigant need not "be absolutely destitute to enjoy the benefit of the [28 U.S.C. § 1915]," his affidavit must nevertheless demonstrate to the court that he cannot, because of poverty, pay or give security for the costs of suit "and still be able to provide himself and dependents with the necessities of life.") (internal quotations omitted). The facts as to the affiant's poverty must be stated with "some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted).

The Court finds that Lopez's submission is sufficient to satisfy the requirements of Section 1915(a)(1). Lopez's affidavit shows his only source of income is public assistance, to wit, CalFresh Benefits. Lopez claims no monthly expenses for food and

unspecified medical and dental expenses; however, he owns no home, vehicle, or any other asset. Lopez further attests he is unemployed, and as noted above, since filing this action, Lopez has been arrested and is currently incarcerated. As such, the Court finds Lopez has insufficient available funds from which to pay any filing fees at this time, and therefore **GRANTS** his motion for leave to proceed IFP.

## II. Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)

### A. Standard

Pursuant to Section 1915, the Court must review complaints filed by all persons proceeding IFP "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2). The Court must *sua sponte* dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To state a claim, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even before *Iqbal*, "[v]ague and conclusory allegations of official participation in civil rights violations" were not "sufficient to withstand a motion to dismiss." *Id.*

### B. Complaint

Lopez generally complains of proceedings in his criminal case which resulted in the revocation of his supervised release and a six-month term of incarceration. According to Lopez, he pleaded "guilty to failure to appear/unexcused absences in the matter of urinalysis appointments (UAs) and to keep in contact with my probation officer." Doc. No. 1 at 2. Lopez alleges that he pleaded guilty "due to inadequate representation" provided by his court-appointed attorney. Lopez states that "defense counsel was derelict in three (3) ways," including "not seeking evidence of good-faith attempts at telecommunication, e.g. phone records, showing Mr. Lopez did in fact reach out to seek excused absences," and encouraging Lopez to plead guilty despite his desire to go to trial. *Id.* Lopez alleges that because he "did not receive [an] adequate defense," he was "unjustly deprived of his liberty for six (6) months." *Id.* As a result, Lopez requests relief in the form of a court order vacating "the latest order of probation" and expunging his "latest conviction." *Id.* at 3.

### C. Analysis

As an initial matter, Lopez fails to state a claim against the only named defendant in this action, the United States government. Lopez's complaint contains no factual allegations against the United States. Moreover, Lopez requests only injunctive relief,

4

18cv1365-MMA (WVG)

which is barred by the United States' sovereign immunity. *See Atwood v. United States*, No. 17cv1315-MMA (BLM), 2017 U.S. Dist. LEXIS 103001, at *5 (S.D. Cal. June 30, 2017) (citing *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007).

Lopez clearly seeks to attack the revocation judgment in his criminal case based on ineffective assistance of counsel. But he may not do so in this civil action. Lopez should have directly appealed the judgment to the United States Court of Appeals for the Ninth Circuit, or collaterally attacked the judgment in his criminal case pursuant to 28 U.S.C. § 2255. And even if the Court liberally construed this action as being brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), Lopez cannot pursue civil rights claims in a *Bivens* action because his revocation judgment has not been declared invalid or otherwise impugned. *See Heck v. Humphrey*, 512 U.S. 477 (1994); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (holding that "the rationale of *Heck* applies to *Bivens* actions.").

In sum, Lopez fails to state a plausible claim for relief and dismissal of this action is appropriate. *See* 28 U.S.C. § 1915(e)(2); *Lopez*, 203 F.3d at 1126-27.

### III. Conclusion

Based on the foregoing, the Court **GRANTS** Lopez's motion to proceed IFP and **DISMISSES** this action. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

DATE: October 16, 2018

HON. MICHAEL M. ANELLO
United States District Judge